# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3380
_____

United States of America,

*Plaintiff - Appellee,*

v.

Onterrail Remond Altman, Jr.,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: April 11, 2022
Filed: July 27, 2022
[Unpublished]
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Onterrail Altman, Jr., pleaded guilty to possessing a firearm as a previously convicted felon. *See* 18 U.S.C. § 922(g)(1). In determining an advisory sentencing

range under the sentencing guidelines, the district court[1] concluded that Altman's conviction in Iowa for possession of cocaine with intent to deliver in 2016 was for a "controlled substance offense." *See* USSG § 4B1.2(b); Iowa Code § 124.401(1)(c). This determination increased Altman's base offense level by two levels. *See* USSG § 2K2.1(a)(3), (4) & comment. (n.1). Altman argues that the court miscalculated his advisory range because his prior offense does not qualify as a controlled substance offense.

Under the relevant provision, a "controlled substance offense" includes an offense under federal or state law that is punishable by a term of imprisonment exceeding one year and prohibits the possession of a controlled substance with intent to distribute. *Id.* § 4B1.2(b); *see id.* § 2K2.1, comment. (n.1). Citing the rule that a court must consider the guidelines "in effect on the date the defendant is sentenced," 18 U.S.C. § 3553(a)(4)(A), Altman asserts that the governing definition of "controlled substance" is the list of substances appearing on the federal and state drug schedules as of the date when he was sentenced for the instant firearms offense. He explains, however, that the drug schedules in effect as of 2016 when he committed his prior offense included a broader definition of cocaine than did the schedules in effect at the time of sentencing in 2021. The difference is the result of intervening amendments that excluded [$^{123}$I]ioflupane from the definition of cocaine. *See* Iowa Code § 124.206(2)(d); 21 C.F.R. § 1308.12(b)(4). As a result, Altman contends, his offense of conviction in 2016 does not qualify as a controlled substance offense, because the prior offense could have been committed by possessing a drug that is not within the definition of "controlled substance" as of 2021.

Altman's argument is foreclosed by this court's decision in *United States v. Bailey*, 37 F.4th 467 (8th Cir. 2022) (per curiam). In *Bailey*, this court rejected the

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

argument that Iowa's removal of hemp from its definition of marijuana after the defendant's conviction for marijuana possession disqualified the prior offense as a controlled substance offense. *Id.* at 469-70. *Bailey* concluded that "the ordinary meaning of . . . 'controlled substance' is any type of drug whose manufacture, possession, and use is regulated by law." *Id*. at 469 (alteration in original) (quoting *United States v. Jackson*, No. 20-3684, 2022 WL 303231, at \*1 (8th Cir. Feb. 2, 2022) (per curiam) (quoting *United States v. Henderson*, 11 F.4th 713, 718 (8th Cir. 2021))). Concluding that "we may not look to 'current state law to define a previous offense,'" the court determined that the relevant inquiry was whether the substance involved in the prior offense was a drug regulated by law at the time of the predicate conviction. *Id*. at 470 (quoting *Jackson*, 2022 WL 303231, at \*2 (quoting *McNeill v. United States*, 563 U.S. 816, 822 (2011))). *Bailey* thus held that the defendant's "uncontested prior marijuana convictions under the hemp-inclusive version of Iowa Code § 124.401(1)(d) categorically qualified as controlled substance offenses." *Id.* (quoting *Jackson*, 2022 WL 303231, at \*2).

Altman does not dispute that he was convicted of possessing with intent to deliver cocaine, or that cocaine was a drug regulated by Iowa law at the time of the conviction. His offense was punishable by a term of imprisonment exceeding one year. *See* Iowa Code §§ 124.401(1)(c), 902.9(1)(d). Altman's previous offense of conviction is thus a controlled substance offense for the purposes of USSG § 2K2.1(a), and the district court did not err in calculating the advisory guideline range.

The judgment of the district court is affirmed.

_____